Service. Mr. Gardner for the appellants, Ms. Bradley for the appellee. Good morning, Your Honor. Bruce E. Gardner for the appellants, Lisa Edwards and Joseph Thomas, who are the taxpayers in this case. This case is about the trial court's reluctance to order the IRS to pay the taxpayers litigation costs and the trial court's failure to adhere to precedential cases decided by the entire U.S. tax court and this court so that the taxpayers' illegally seized money would be returned to them. The trial court's December 16, 2013 judicial dismissal failed to follow various cases of this court and the tax court. Pedenza v. Commissioner, where it was held that the IRS must prove both the existence of the deficiency and the date of mailing. Sheldon v. Commissioner, where the tax court required the judges to state the grounds for the jurisdictional dismissal. And in this court, DeAndre v. Commissioner, a 1959 case that also required the tax court to state the basis of the jurisdictional dismissal. This court's decision in Gardner v. United States, where the court stated that the IRS has a responsibility to send a notice of deficiency to the taxpayer prior to initiating proceedings to assess the tax. In this case, the IRS assessed and seized the taxpayer's money prior to issuing the deficiency notices. Then you wonder why you didn't go to the district court. Well, the taxpayers have a right to go to the U.S. tax court when the situation arises that the IRS hasn't issued a notice of deficiency. But the property had been seized. The property had been fully seized for the 2007 tax year, but had not been fully seized for the 2008 tax year. In addition, the IRS failed to issue final notices of intent to levy for either the 2007 tax year or the 2008 tax year. In the 2008 tax year, after the IRS had seized and after I brought it to the attention of Then they rescinded one of the seizures, and then issued a notice, and then continued to seize, despite the fact that my client had filed an appeal with the IRS appeals office, had a collection due process hearing. However, the appeals offices failed to issue a decision of a letter of termination so that the taxpayer could go back to the tax court and appeal that levy action. Now, I stated the issues as centering around the non-payment of litigation costs of the taxpayers because of the unusual procedural history in this case, which are summarized as follows. By order dated June 13, 2013, the trial judge issued an order granting the taxpayers cross-motion to dismiss and stated that the IRS made no showing that a statutory notice of deficiency was ever issued to the taxpayers for the 2007 or 2008 tax year. The result of that decision was that the levy and the seizure of the taxpayers' money was illegal and required to be returned pursuant to 26 U.S.C. 62.13a, which prohibited all by a notice of deficiency, a valid notice of deficiency. This case was prematurely closed by the tax court before the 30-day period in which the taxpayers could file a motion for attorney's fees had expired. The taxpayers had to vacate the June 13, 2013, order before the tax court would hear the motion for attorney's fees. The taxpayers filed a limited motion to vacate the June 13, 2013, order and simultaneously filed a motion for attorney's fees. Can I just be clear, is the focus of your appeal then on the remedy of getting the litigation costs? No, the focus of this appeal is that the judge did not, on a jurisdictional basis, did not state the basis for which he dismissed this case. Well, as you know, Commissioner Argys, that's being raised for the first time, but what I'm getting at is, under your citation to D'Andrea, under one holding you would lose, under another holding you would win. And my question is, is that the nature of the clarification that you're seeking or that you're saying that the tax court failed to provide? It was all tied to the litigation costs. And that's distinct from what you're trying to get from your client, on behalf of your clients. Well, it's kind of circular because the way this case arose. No, I know it's circular, but I want to know exactly what you're asking this court. I'm asking this court to make a decision of the basis for the dismissal of this case. You want us to decide? I believe the facts are sufficient in the record for the court to decide whether this case was dismissed based on a late-filed petition, or whether it was dismissed because the Internal Revenue Service never... Well, wouldn't it satisfy your requirements and not require us to make a fact-finding to simply remand it to the tax court and say that, under your precedence, you have to state which was the ground for the dismissal? That would be satisfactory, Your Honor, yes. That is your argument, that under both Andrea and Shelton and other cases, when the tax court dismisses, it has to state which of the two grounds is the reason, the lack of the deficiency notice or the timeliness? That's correct, Your Honor. What is your argument about the notice of intent to levy? You have an argument about that as well, correct? Yes, Your Honor. And is your argument there the same, that there's actually nothing at all in the tax court's decision addressing your argument on that issue at all? That's correct, Your Honor. And that there's no, again, that did not give a reason for dismissing for lack of jurisdiction that claim? That's correct, they just seem to ignore that particular issue. And there's a case, is it Kennedy, that says they're supposed to do that as well? That's correct, Your Honor. Now what is your third argument? You also have an argument about a notice of determination, is that right? That's correct. And that's about, this is something that happened after your case was already going, right? That's correct. So how does that get before us? That wasn't part of the complaint you raised in the tax court at all, right? No, but it was brought up in the tax court, and the issue here is that the appeals office had made a decision not to issue the notice of determination. Opposition basically is just like when the IRS fails to issue... I understand your merits arguments, but did you file a, I don't know what the analogy in the tax court would be, but a demand for an injunction or a complaint for an injunction for failure to issue the notice of determination? Did you file anything like that in the tax court? No, Your Honor, we did not. So there's nothing for the tax court to rule on, and therefore, nothing that we can rule on on that question. I agree with that, Your Honor. And the remaining issue is the motion for costs, correct? Correct. So if we were to remand the first question, which is the issue about the notice of deficiency, that's what your costs argument is about, right? That's correct, Your Honor. If we were to remand that so that the district court would say whether the reason that the trial court, I'm sorry, the tax court, sorry, I'm getting all three cases today mixed up, that the tax court didn't, on the ground that the tax court has to state its reason, then the tax court would move from there to the question of whether the government's position was substantially justified. For example, the tax court ruled against you. If the tax court said the reason there's no jurisdiction here is timeliness and that there actually was a notice of deficiency, you might have a new appeal on that question, but you wouldn't have an appeal on the attorney's fees question yet, correct? Well, that could be correct. The government actually conceded the issue on attorney's fees as far as the taxpayer being a prevailing party. The only issue that the government was contesting was the reasonableness of the amount. But then they took that back when they got the new order, right? Right. In the appeal, in their brief, they now take the position that... But you weren't the prevailing party. Right, exactly. So if we send it back for the trial court, tax court to tell us whether you were or not, that would be the right way to restart this fees question. That's correct, Your Honor. Anybody in the court have further questions? Okay, why don't you reserve the rest of your time. All right, thank you, Your Honor. Good morning, Your Honors. My name is Janet Bradley. I'm with the Justice Department, and I'm here representing the Commissioner in this appeal. To make this a little shorter, could I go through the same colloquy that I just went with? Absolutely. On the notice of deficiency, at least to me, it does not look like the trial court, the tax court gave a reason for why there was no jurisdiction. The Commissioner would disagree with that. The tax court... Point me to the place in the tax court order under review where the tax court says either that there was no notice of deficiency or that there was and there was no timely response. The tax court accepted the government's position that the presentation of the Postal Service receipt in addition to the declaration of Supervisor McCune was under existing law in Zola and Ahrens, for example. So let me just read you that provision that you're talking about. That says, Respondents' records and the materials attached to Respondent's jurisdictional motion strongly suggest that notices of deficiency for 2007 and 2008 have been issued to petitioners, right? Correct. It doesn't decide that question. It says it strongly suggests, right? Well... And it dismissed your motion as moved. Right. It did not grant your motion. It didn't grant our motion, but on the same hand, it didn't grant the taxpayers' motion either. And what I would like to point out to the court before we get to the next question is on appeal, they rely a lot on the Shelton case, which I don't see that they even cited to that, to the court below. We made that point in our brief. And they cite to Patenza. And with respect to Shelton, that was a last known address case. In that case, the government conceded that we had not properly sent the deficiency notice. The question I'm asking you, the question I'm asking you is whether, on this question, whether the tax court, through its precedence, has taken the position that it states a reason for dismissing jurisdiction. Either deficiency notice having been not given or deficiency notice having been given and there's no timely response. That is the position of the tax court, isn't it? I just would like to clarify that in Shelton, again, to the extent the court was determining that there was no valid notice, the specific reason for no valid notice was not sent to last known address. The court just didn't say, in the context of jurisdictional questions in the tax court, about whether or not the assessment was valid. You know, the government conceded it wasn't last known address and it wasn't timely. So I understand you're distinguishing that case and your argument is that, in effect, the tax court was wrong, that the tax court should have accepted the documents that you proffered, the Declaration of McCune. McCune, yes. And the standard form showing that these items were sent out with no address error claimed as proof. But I think what we're saying is that it doesn't appear to us that the tax court, even if you're right on the law, it doesn't appear to us that that's what the tax court did. Well, could the tax court perhaps have been a little more articulate? Perhaps. But I think the best reading, because we would assume that the tax court itself knows what its own law is with respect to stating a position. And to the extent it vacated its earlier June order, where it said no deficiency notice was issued. So you agree, though, that's the only part that I'm interested in, was that little snippet in the middle of your sentence, which is that the tax court would know that its precedent requires it to state the reason, right? Absolutely. So you don't disagree with that? No, we don't disagree. You just read this as stating it. So if we read it as not stating the reason, if we reject that argument, then the tax court has made an error here of some kind, that is, of not stating its reason, correct? Again, we believe that the court, to the extent it had its findings there,   and Ahrens, where those courts had affirmed the establishment of the deficiency notice with those two elements of proof established the deficiency notice was not stated. That is not the commissioner's case. Just to be clear, that's not the question I'm asking. I'm pressing you all the way up against the wall. I need an answer now that you're against the wall. Assume we conclude that the tax court did not state its reason. We just reject your argument that it did. We think it didn't. That would be contradictory to its precedent, correct? You told me that a second ago. No, no, I agree with you. Here, though, I still don't think it can be ignored in the context in which the final December order was considered. Again, I think I just disagree with you about the context. I see what the judge is doing here as saying the burden is on the government. I'm not going to decide for sure whether or not it was sent, but I am going to decide that they substantially prevail. That their position was substantially justified. A position that the court would not have to give, would even have to address, if the court did not believe the other. But we don't know what the court decided with respect to the deficiency. So on that understanding, you agree with me if the court does not state its reason, it's acting inconsistent with its precedent, right? It's the big if, I appreciate it. It's a big if. If there would be no purpose served here by a remand, this court could decide it. It's a jurisdictional question. It's de novo review. Here, and let me just mention the Potenza case, again that was a tax court case, didn't go up on appeal. In that case, it was very unusual facts that the divided tax court panel decision, and in that case, the postal service form was there. Now, let me go back a little bit. I just need to be clear. A police appellant has cited authority for the proposition that which of the reasons the tax court decides it does not have jurisdiction has a different, or can have a different result for his clients. So, it's important to know the reason, as opposed to us sitting here and saying just on a jurisdictional ground. The cases that have been before the tax court, and just let me mention Potenza and I'll promise to get your answer. In that case, there was all sorts of evidence of some sort of a draft notice of deficiency and the taxpayers there, and I guess this is the key point, had raised that there was some abnormality in the mailing. Interestingly enough, in Potenza, subsequently, the government did find that notice of deficiency. Went back to the tax court and tried to get that introduced and the tax court decided it wasn't under the standard to come in. So, I don't think the commissioner is aware and I don't believe the taxpayer has cited any tax court case where when it's not  standard to address. You think it's different? I mean, if no deficiency notice was sent, that's considerably different for the taxpayer than if it was sent and the taxpayer didn't respond within the 30 days, right? Understandably, but here the taxpayer all of the brief sites, extensive literature and correspondence between the IRS and the taxpayer, all of that correspondence before the notice of deficiency was sent and after was received by the taxpayer. Here, taxpayers just claim, I didn't get it, it doesn't seem to be all that credible in light of Right, but the tax court was in the first order, the order that was vacated, the tax court was quite clear that the tax judge believed that the government had not shown that a notice of deficiency had issued and in fact, in recounting the proceedings in the hearing, the respondent was unable to establish that notices of deficiency had been issued. It was dismissed on that ground and so, in a sense, the default position is against you that to the extent that the new order is mute, the clearest statement we have in terms of factual determination is the fact that the tax court here, quite plainly, could have just considered the attorney's fees motion, not gone further and then either decided in the case of the June order would have been the prevailing party, would have likely met that test. Let me ask you, do you think the tax court was correct in saying they had to vacate the whole order? It seemed odd to me that as I understand this was a clerical mistake that in fact you have 30 days to seek costs and fees and that the file is supposed to remain open and it wasn't and did the judge really not have power to say oh we'll just reopen and deem those 30 days to be pending? I think some of the confusion in here resulted from the fact that typically when an attorney's fees motion comes before the tax court, you have an opinion, you have a party stipulation, so you have, that is a neat package and then the taxpayer has 30 days to go ahead and request attorney's fees. Here by virtue of that June order, I think the tax court was a little nervous and it's in one of the transcripts that they didn't want any sort of finality or appellate issues banned in that regard. So in other cases I think we cite a Fifth Circuit case, Bouteri, where this procedure has occurred in other situations. It's kind of an unusual situation because typically with attorney's fees, you know, the merits have already been clearly decided. Here by virtue of vacating that order and the tax court here spent a goodly amount of time during a hearing explaining the process that was going to occur, explained it to counsel for the appellants, and the appellants nonetheless realizing that the court could reconsider its dismissal, you know, we say it did. So by virtue of not adopting that June, I guess the Commissioner is taking the position that the tax court swung the other way, saw the error of his ways, given more information that the Commissioner presented on the issue of mailing, examined the circumstances, and we think, again, may be inartful, but that the decision was What about the notice of intent to levy argument? Well, we have absolutely no merit to that. In the context of the court You agree that's not mentioned in the order of the tax court, right? In the order of the tax court, well, it said no other notice had been issued. And in the context of the In the second order? In the second order, I do believe it said that the appellants did not allege that any other determination had been made. In their petition to the tax court, they did not cite any statutory grounds for jurisdiction. They did not attach any notice to their petition. In addition, the tax court rules require that such notices be there. Isn't it the same issue that their position that there was no notice, they did not get a notice of intent to levy? The tax court law and there's been multiple court of appeals decision on that, in the context of the collection due process and the lack of jurisdiction in the tax court. You must have not only a timely petition, but it must be in response to a notice of determination. I believe it or not, I actually understand that. My question again goes to the question of what has to be in the opinion dismissing the case. So in your argument, the problem with the lack of jurisdiction is that there was never a determination letter issued or whether there was another reason, which is the same analogous question we were talking about with the notice of deficiency. Why was it okay for the tax court to dismiss? I understand your argument that there was no  letter issued, but there are possible reasons, one of which is you never sent a notice of a levy. And are they entitled to know that that's the reason? Well, let me back up a little bit. Here in the case, originally after the taxpayers had filed the return based on those original self-assessments for the appellant, we did issue a notice of intent to levy that would have given him his collection due process rights to have a hearing and to be able to have a notice of determination, which if timely appealed he could have sought review. Here they did not seek a timely So your position is there was a notice of intent to levy? There was a notice of intent to levy only for the initial self-assessment of the taxes on the returns. Subsequently, because the taxpayers did not file a timely petition in the tax court, the commissioner then was authorized by section 62.13 of the code to go through all of the correspondence that went back and forth with the appellants as taxpayers. The notice of audit Just a pause for a minute. I'm again into the merits and I'm really interested only in this procedural issue of whether the judges I am interested in the merits, but first I'm interested in the procedural issue, which is does the judge's decisions dismissing the case for lack of jurisdiction have to say why with respect to this claim? Well, number one, when they did their motion to dismiss, the appellants only moved to dismiss it on the grounds of no deficiency notice. The appellants themselves did not put that issue before the Court. They responded to the Commissioner's arguments in that regard, but it was not an affirmative basis for their motion. That would have dismissed the entire matter? No. That would have just they challenged the 6213 deficiency jurisdiction, but not 6330. In the context of various correspondence which counsel was present, he conceded no notice of determination was issued. He understood that with respect to the supplemental tax assessment that no notice, be it a notice of lien or a notice of a tax assessment, would not be an affirmative basis for their motion. So that's your position on why we don't have to direct the tax court to speak to that. Is that right? Correctly. That's the question. I think so. That's as Mr. Gardner described it to me. One is the notice of the intent to levy, which is the argument about the 2007 and 2008 tax years, and then the second is this question of what happened after the CDP hearing which was in the context of this case before the petition was filed, there was no CDP. Mr. Gardner did refer to a CDP, but the appropriate language is an equivalent hearing. The code provides that if a taxpayer, in response to a CDP notice, a notice of intent to levy, or a notice of lien, if within 30 days they file a timely request in writing on a specific form, they are entitled to a collection due process hearing. If a taxpayer does not timely request a hearing, which is what happened in this case, Mr. Gardner's clients were given the service to seek I believe audit reconsideration, but it is not something that can be further reviewed. Cases in the appellate courts have so sustained that. Now with respect to his claim about a subsequent notice, one of those notices was issued by the tax court, and the tax court did not ask the tax court to take collection due process jurisdiction and did not allege a notice of determination. I think to the extent that the tax court said there was no other determination, and again in the context of the tax court, there is not broad grants of authority. The tax court is a court of limited jurisdiction, and here the tax court examined everything, understood the law in the context of what's needed to do to establish the mailing of a deficiency notice, and the tax court correctly held that there was no deficiency jurisdiction, that their petition was untimely, and there was no CDP determination so that there was no collection due process jurisdiction. All right. Time left for Mr. Gardner? Mr. Gardner, we'll give you two minutes. It's hard to even clear your throat for 15 seconds. Can you particularly address this question, the second question, which is the notice of levy? Yes. Their position is that you didn't really even ask for anything about that, so there was no reason for the court to state a reason for denying jurisdiction. Your Honor, the petition that was filed with the tax court indicated that the collection issue was an issue in this case, just like the deficiency issue was an issue in this case. The deficiency issue and the collection issue were both put into pleadings on the petition that was filed with the tax court. The tax court only focused on one, and the tax court probably only focused on one because the government's motion to dismiss was only on that issue. The government did not address the collection issue. So if the deficiency issue was to decide or was dismissed, what remained was the collection issue, which had not been decided by the tax court. But you never alleged that you received, isn't it that the notice of determination is the key to the tax court door under 6330D? And you never received one, and the IRS agreed that you never received one. So what's the ground for invoking that separate basis for jurisdiction? Well, we were required to receive one under that same section. We were required to receive a notice so that we could have a hearing, a CDP hearing, a collection due process hearing, and based on the determination of the appeals office, then we could seek redress from the tax court. But since no notice was ever issued, we couldn't do that. So your position is that even though the tax court doesn't have jurisdiction, even though that's required as a precondition for going into the tax court, you should be able to go to the tax court to complain that you didn't get it. Correct. Just like we do in a deficiency notice. If we didn't get the deficiency notice, we go to the tax court. Except that once you realized you didn't have the deficiency notice and that was a reason for the tax court not to have jurisdiction,  have that case dismissed. It's a little odd to go into court to tell the court to tell you that the court doesn't have jurisdiction.  that? Well, the cases in the tax court, the way they work is that usually if the government comes in and asks for a motion to dismiss because of late filing, then the taxpayer comes in and if it applies, which it applies here, comes in and tells the court, okay, you didn't have jurisdiction, but you didn't have jurisdiction because the government issued the notice to allow us to come to tax court, therefore the taxpayer's due process rights were denied. And that's what those cases you cited say, which is that the tax court is supposed to tell you which reason there's no jurisdiction over,  that's what the tax court does. Stand please.
judges: Garland, Rogers, Pillard